IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK A. LANTZ, | |
| Plaintiff, | Case No. 12-cv-623 |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | **Jury Trial Demanded** |

## COMPLAINT

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in its illegal efforts to collect a consumer debt from Plaintiff.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff, Mark A. Lantz (hereinafter referred to as "Plaintiff" and/or "Mr. Lantz"), is a resident of this State, District and Division who is authorized by law to bring this action.

1

5. Defendant Portfolio Recovery Associates, LLC (hereinafter referred to as "Defendant" and/or "Portfolio") is a corporation organized under the laws of the State of Virginia.

6. Defendant may be served by personal service upon its registered agent, to wit: Portfolio Recovery Associates, LLC c/o National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, TN 37223.

7. Other Defendants may be discovered in the course of litigation, and Mr. Lantz respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

8. Defendant uses mail in its business.

9. The primary purpose of Defendant's business is the collection of debts.

10. Defendant regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

11. Defendant is a debt collector subject to the provisions of the FDCPA.

12. Defendant has alleged that Mr. Lantz incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by HSBC Nevada N.A.

13. Defendant is actively calling Mr. Lantz and his wife.

### *February 2, 2012 Collection Letter*

14. Defendant sent Mr. Lantz an initial collection letter dated February 2, 2012, collecting on

2

an account for "SHERMAN ACQUISITION LLC HSBC NEVADA NATIONAL – BEST BUY, Account/Reference No.: 7001062110781469, *Balance: $2,126.54". (see attached Exhibit A).

15. The February 2, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

16. The February 2, 2012 letter asserted an amount due of $2,126.54 as of February 2, 2012.

17. The February 2, 2012 letter further states:

> *We are not obligated to renew this offer. Interest continues to accrue on this account until the account is satisfied, unless interest has been suspended. The above balance includes interest as of the date of this letter. You may contact us to obtain an exact payoff amount for a future date.*

(see attached Exhibit A)(italicized in original).

### *May 1, 2012 Collection Letter*

18. Approximately three (3) months later, Defendant sent another collection communication dated May 1, 2012. (see attached Exhibit B).

19. The May 1, 2012 collection letter asserts the same account number collecting on behalf of the same original creditor but the alleged balance stated increased to $2,168.62.

20. The May 1, 2012 collection letter further states:

> "Because of the age of your debt we will not sue you for it. If you do not pay the debt, we may report it to the credit reporting agencies as unpaid."

21. The May 1, 2012 collection letter further states:

> *We are not obligated to renew this offer. Interest continues to accrue on this account until the account is satisfied, unless interest has been suspended. The above balance includes interest as of the date of this*

3

> *letter. You may contact us to obtain an exact payoff amount for a future date.*

(see attached Exhibit B)(italicized in original).

22. The May 1, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

23. In this communication to Mr. Lantz, Defendant violated the FDCPA.

### *August 21, 2012 Collection Letter*

24. Approximately three (3) months later, Defendant sent another collection communication dated August 21, 2012, collecting on behalf of the same original creditor but the alleged balance demanded decreased to $1,687.73 (see attached Exhibit C).

25. Mr. Lantz asserts that he has not made any payments on this account since February 2, 2012.

26. The August 21, 2012 collection letter further states:"Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency." (see attached Exhibit C).

27. The August 21, 2012 letter further states: **We are not obligated to renew this offer.* (see attached Exhibit C) (italicized in original)..

28. The August 21, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

29. Defendant's letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing.

4

30. Mr. Lantz asserts that he has made no payments on his HSBC Nevada N.A. account since before January 1, 2012.

31. In these communications to Mr. Lantz, Defendant violated the FDCPA.

32. Mr. Lantz has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

34. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

35. The use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2);

36. The attempt to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692(f(1); and

37. As a result of Defendant's actions, Mr. Lantz is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
## FALSE OR MISLEADING REPRESENTATIONS

38. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt is in violation of 15 U.S.C. § 1692e.

39. Each and every letter from Defendant demanded different amounts from Mr. Lantz. A calculation of the time between the collection correspondences and the amounts sought shows that each and every letter has accrued a differing amount of interest and none of

them applied the contractual rate of interest.

40. Defendant sent Mr. Lantz a collection letter on February 2, 2012 demanding $2,126.54, a collection letter on May 1, 2012 demanding $2,168.62, and a subsequent collection letter dated August 21, 2012 demanding $1,687.73.

41. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendant has confused Mr. Lantz as to what amount of money he owes on this account.

42. Mr. Lantz asserts that the differing demands by Defendant are an attempt to keep him confused as to the amount is owed, so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

43. The use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, is in violation of 15 U.S.C. §1692e(2).

44. Each and every letter from Defendant demanded different amounts from Mr. Lantz. A calculation of the time between the letters and the amounts sought shows that each and every letter has accrued a differing amount of interest and none of them applied the contractual rate of interest.

45. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the balance increases from $2,126.54 on February 2, 2012 to $2,168.62 on May 1, 2012, approximately three (3) months later, and

then the amount inexplicably decreased from the amounts demanded in both previous collection letters to the collection letter dated August 21, 2012 demanding $1,687.73.

46. By demanding amounts that increase within a short period of time and then decrease inexplicably, Defendant has confused Mr. Lantz as to what amount of money he owes on this account.

47. Mr. Lantz is confused as to what amount Defendant is actually pursuing, what rate of interest they are charging, whether they are assessing fees, etc….

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

48. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, is in violation of 15 U.S.C. §1692f(1).

49. Defendant sent Mr. Lantz a collection letter on February 2, 2012 demanding $2,126.54, then sent a subsequent collection correspondence dated May 1, 2012 demanding $2,168.62 which demonstrates the account increased an average of $0.47 per day for three (3) months. Alternatively, the August 21, 2012 collection correspondence demands $1,687.73, which demonstrates the account decreased $480.89 in 112 days, or decreased an average of $4.29 per day.

50. By asserting a balance that varied substantially in each of the collection attempts, specifically assessing an inconsistent rate of interest, fees or charges on each collection letter Defendant has demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

51. As a result of Defendant's actions, Mr. Lantz is entitled to an award of statutory damages,

as well as an award of costs and attorney fees.

## TRIAL BY JURY

52. Mr. Lantz is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant in favor of the Plaintiff as follows:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 30th day of November, 2012.

    /s/ Justin A. Brackett
Justin A. Brackett, BPR #024326
Attorney for Plaintiff
Brackett & Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868
consumerbk@comcast.net